**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SAMUEL ARP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-CV-0328-CVE-tlw |
| ) | |
| TRACY McCOLLUM, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, a state inmate appearing pro se. Respondent filed a response (Dkt. # 8) to the petition and provided the state court record (Dkt. ## 8, 9) for resolution of the claims raised in the petition. Petitioner filed a reply (Dkt. # 15) to the response. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

In 2011, Petitioner Samuel Arp lived with his girlfriend, Marsha Watkins, at the Victor South Apartments located in Tulsa, Oklahoma. Petitioner had a collection of knives and swords in the apartment. On April 27, 2011, the couple had an argument and Petitioner stabbed Watkins in the chest with a Samurai sword from his collection. Watkins also sustained two defensive stab wounds to her left arm and a fractured left arm. During a 911 call, Watkins stated that she had been stabbed. Petitioner attempted to transport Watkins in the couple's van for medical treatment. However, Tulsa Police Officer Anthony First, responding to Watkins' 911 call, stopped the van as Petitioner drove away from the apartment complex. Petitioner exited the driver's door and rushed towards Officer First, yelling incomprehensibly and growling like an animal. After he was handcuffed, Petitioner became angrier and angrier, dropped his shoulder and again rushed Officer First. Once Petitioner

was finally subdued, Officer First, a trained paramedic, was able to assess Watkins' condition and began providing medical treatment. Watkins was eventually transported to Saint Francis Hospital where she was stabilized and treated for her wounds. Watkins remained hospitalized for six days.

As a result of those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2011-1607, with Assault and Battery With a Dangerous Weapon, After Former Conviction of Two or More Felonies (Count 1), and Obstructing an Officer (Count 2). At trial, Petitioner presented a defense of self-defense. At the conclusion of a two stage trial, Petitioner's jury found him guilty as charged and recommended a sentence of sixty (60) years imprisonment as to Count 1 and thirty (30) days in jail as to Count 2. On October 24, 2011, the trial judge sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served concurrently. During trial proceedings, Petitioner was represented by attorneys J. Brian Rayl and Jessica Battson.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorney Curtis M. Allen, raised three (3) propositions of error, as follows:

> Proposition 1: Missy Iski's wide ranging testimony in the State's case in chief about abused women and their abusers where there was no evidence of ongoing domestic abuse was error.
>
> Proposition 2: Marsha Watkins was called as a rebuttal witness to rebut Mr. Arp's statement that he stabbed her in self defense. Instead, Ms. Watkins's testimony went on for thirty-nine pages and eventually expanded to include additional allegations of uncharged misconduct.
>
> Proposition 3: The State is entitled to prove that Mr. Arp had been previously convicted of felonies to enhance his punishment. The State was not entitled to inform the jury that Mr. Arp was a convicted murderer or to misstate the term of years of imprisonment or to use that information to argue for a greater sentence.

2

(Dkt. # 8-1). On February 20, 2013, in an unpublished summary opinion filed in Case No. F-2011-971, the OCCA denied relief and affirmed the Judgment and Sentence of the trial court. See Dkt. # 8-3. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court.

On July 5, 2013, Petitioner filed an application for post-conviction relief in state district court raising claims of ineffective assistance of appellate counsel and factual innocence. See Dkt. # 8-4 at 2-4. That application was denied on October 31, 2013. See Dkt. # 8-5. Petitioner filed a post-conviction appeal raising three propositions of error: (1) the state district court erred in failing to hold an evidentiary hearing on his claim of factual innocence, (2) the state district court misapplied state and federal law in denying his claim of ineffective assistance of appellate counsel, and (3) the state district court erred in failing to appoint counsel as requested. See Dkt. # 8-6 at 3-4. By Order filed February 20, 2014, in Case No. PC-2013-1097 (Dkt. # 8-7), the OCCA affirmed the denial of post-conviction relief.

On June 18, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises the following grounds of error:

> Ground 1: Petitioner was denied effective assistance of [appellate] counsel, contrary to the Sixth Amendment.
>
> Ground 2: The evidence was insufficient to convict Petitioner of the charge.
>
> Ground 3: Petitioner was/is factually innocent, and the State court failed to address his claims of innocence on the merits, which is a violation of due process.
>
> Ground 4: Petitioner was denied due process of law when the state court (district & appellate) failed to apply the controlling Supreme Court Law to the case before it.

Id. Respondent filed a response (Dkt. # 8) to the petition, arguing that Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) as to Ground 1, his Ground 2 claim is procedurally barred, and Grounds 3 and 4 are not cognizable on federal habeas corpus review.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing Petitioner's habeas claims, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented his claims to the OCCA on post-conviction appeal and they are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claim adjudicated by the OCCA (Ground 1)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes

4

only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013). Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Richter, 562 U.S. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Here, the OCCA addressed Petitioner's claim of ineffective assistance of appellate counsel claim on the merits. Therefore, the Court will review that claim under the standards of § 2254(d).

**1. Standards governing claims of ineffective assistance of appellate counsel**

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984). When assessing claims of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000). Under Strickland, a defendant must show that his counsel's performance was deficient and

5

that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112. If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Pinholster, 563 U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

6

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). In Cargle v. Mullin, 317 F.3d 1196 (10th Cir. 2003), the Tenth Circuit explained that:

> [i]f the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

Id. at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). The Tenth Circuit has consistently held that "[w]hile counsel should not omit 'plainly meritorious' claims, counsel need not raise meritless issues." Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008) (quoting Miller v. Mullin, 354 F.3d 1288, 1298 (10th Cir. 2004)). To prevail, a petitioner must "show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" Id. (quoting Neill, 278 F.3d at 1057 & n.5).

**2. Petitioner's claims of ineffective assistance of appellate counsel**

Petitioner claims that appellate counsel provided ineffective assistance, as follows:

> [a]ppellate counsel failed to cite the ineffective assistance of trial counsel when, over Petitioner's objection, trial counsel failed to call him as a witness in his own behalf (defense) or call other exculpatory witness[es] that were available, (2) appellate counsel failed to cite ineffective assistance of trial counsel when trial counsel failed to investigate the case which would have yielded exculpatory hospital records on the alleged victim's intoxication, further, the exculpatory witness testimony from medical personnel regarding the victim would have killed the indictment, 3) appellate counsel was defective for failure to object to testimony offered by rebuttal witness (the victim was the rebuttal witness) in the context of the 911 phone call, 4)

7

appellate counsel failed to cite ineffective assistance of trial counsel when trial counsel failed to adequately prepare for trial.

See Dkt. # 1 at 3-4. The OCCA adjudicated these claims on direct appeal. For the reasons discussed below, the Court finds Petitioner has not demonstrated that the OCCA's adjudication of his claims of ineffective assistance of appellate counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

### a. Trial counsel's refusal to allow Petitioner to testify

Petitioner claims that appellate counsel provided ineffective assistance in failing to allege that trial counsel was ineffective for refusing to allow Petitioner to testify in his own defense. See Dkt. # 1 at 3. On post-conviction appeal, the OCCA ruled as follows:

> [t]his argument is not supported by the appellate record. The transcript of Petitioner's jury trial reflects that Judge Gillert explicitly explained to Petitioner that the decision, whether or not he would testify, was Petitioner's alone to make. Petitioner responded that he understood this and indicated he did not wish to testify. Judge Gillert correctly denied this claim when he held that "this claim would not have a reasonable probability of success on appeal and is therefore meritless." Petitioner fails to establish error in this claim. This claim of ineffective assistance of appellate counsel is without merit.

See Dkt. # 8-7 at 4.

The trial record confirms that, after the State rested, the following exchange took place outside the presence of the jury among the trial judge, defense counsel, and Petitioner:

> THE COURT: The decision that he has is whether or not he chooses to testify. And as long as we're here, let's go ahead and deal with that as well.
>
> MR. RAYL: I believe Ms. Battson has discussed fully his option to testify and what would happen if he did. And I believe it's still his decision not to testify.
>
> THE COURT: And you understand that this part of it, at any rate, Mr. Arp, is your decision, whether or not to testify that's your decision. They can advise you one way or another, but ultimately the decision about your

>>testifying is a decision that you would make. And do you understand that?
>
>THE DEFENDANT: I understand that.

See Dkt. # 9-2, Tr. Vol. II at 230. Petitioner did not testify in his own defense. The exchange quoted above demonstrates that the trial judge explained and Petitioner understood that, while his defense counsel could advise him concerning the pros and cons of testifying, whether or not to testify remained his decision. Therefore, the record reflects that Petitioner's decision not to testify was his own and refutes Petitioner's claim that his defense attorneys provided ineffective assistance in refusing to allow him to testify. The underlying claim of ineffective assistance of trial counsel lacks merit. Because the underlying claim lacks merit, appellate counsel did not provide ineffective assistance in failing to raise the claim on direct appeal. Cargle, 317 F.3d at 1202.

>**b.    Trial counsel's failure to call exculpatory witnesses, investigate, object to rebuttal witnesses, and prepare for trial**

Petitioner also alleges that appellate counsel provided ineffective assistance in failing to challenge trial counsel's failure to call available exculpatory witnesses, to investigate exculpatory hospital records demonstrating the victim's intoxication, to object to rebuttal testimony by the victim, and to prepare adequately for trial. See Dkt. # 1 at 3-4. Petitioner presented these claims as part of his application for post-conviction relief. See Dkt. # 8-4. In support of his post-conviction claims, Petitioner provided his own "Affirmation," dated July 1, 2013 (id. at 6-7), and Affidavits of his mother, Renee V. Owens (id. at 9), and Marsha Watkins (id. at 10), both dated June 3, 2013. As part of his post-conviction petition in error, Petitioner provided supporting exhibits, including an incomplete copy of the victim's discharge summary from Saint Francis Hospital (Dkt. # 8-6 at

9

11-13), and the Affidavit of Sarah Fadling, the victim's daughter (id. at 14). The OCCA found that these claims of ineffective assistance of appellate counsel lacked merit, explaining as follows:

> Petitioner must show a reasonable probability that appellate counsel would have prevailed on direct appeal had he argued trial counsel was deficient and these errors resulted in prejudice. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Petitioner has not provided any evidence to support these claims. Judge Gillert was correct when holding that "merely conclusory, unprovable, or unspecific claims of ineffective assistance of appellate counsel do not raise an issue of material fact." *Logan*, 2013 OK CR 2, at ¶ 23, 293 P.3d at 978-979. Petitioner has failed to establish that appellate counsel omitting these claims was error or that these claims would have changed the outcome of his direct appeal. As a result, the remainder of Petitioner's ineffective assistance of appellate counsel claim is also without merit.

See Dkt. # 8-7 at 4-5.

Petitioner fails to demonstrate that the OCCA's adjudication of these claims of ineffective assistance of appellate counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. As to Petitioner's claim that trial counsel provided ineffective assistance in failing to call exculpatory witnesses, Petitioner identifies three (3) witnesses he believes should have been called to testify for the defense: the victim, the victim's daughter, and Petitioner's mother. In support of his petition, Petitioner provides affidavits from each of those witnesses. See Dkt. # 1 at 12, 13, 14. Significantly, the victim testified at trial as a rebuttal witness for the prosecution. The averments contained in her affidavit mirror, in large part, her trial testimony. The affidavits of the victim's daughter and Petitioner's mother either repeat the victim's trial testimony that she, not Petitioner, was the aggressor during the fight or offer inadmissible hearsay. Upon review of those affidavits, the Court finds that Petitioner has failed to demonstrate a reasonable probability that had appellate counsel raised claims of ineffective assistance of trial counsel for failing to call these witnesses the result of his appeal would have been different.

10

In support of his underlying claim that trial counsel provided ineffective assistance in failing to investigate and prepare for trial, Petitioner provides copies of part of the victim's medical records related to treatment she received for her stab wounds. Specifically, Petitioner points to portions of the hospital record describing the victim as being intoxicated upon arrival at the emergency room. However, Petitioner fails to explain how the records support his claim that he acted in self-defense. Petitioner's self-defense argument relied extensively on the victim's version of events, as reflected in her trial testimony, that she was the aggressor and had attacked Petitioner with a knife. As a result, Petitioner's belief that the victim was too intoxicated to recall the details of the fight and stabbing weakens his self-defense argument. Thus, the hospital records would not have assisted Petitioner and his claim of ineffective assistance of trial counsel for failing to present those records at trial fails. There is no reasonable probability that the outcome of the appeal would have been different had appellate counsel raised this issue.

Lastly, Petitioner complains that appellate counsel was ineffective in omitting a claim that trial counsel provided ineffective assistance in failing to object to "testimony offered by rebuttal witness (the victim was the rebuttal witness) in the context of the 911 phone call." See Dkt. # 1 at 4; Dkt. # 9-2, Tr. Vol. II at 237. As noted by Respondent, the OCCA determined on direct appeal that the victim's rebuttal testimony was admissible under Oklahoma law and that "[n]o error occurred in the introduction of this evidence." See Dkt. # 8-3 at 3. As there was no error under state law in the admission of the evidence, trial counsel did not provide ineffective assistance in failing to object to the victim being called as a rebuttal witness. Because the underlying claim of ineffective assistance of trial counsel lacks merit, appellate counsel did not provide ineffective assistance in failing to raise the claim. Cargle, 317 F.3d at 1202.

11

## C. Procedural bar (Ground 2)

In Ground 2, Petitioner challenges the sufficiency of the evidence. See Dkt. # 1 at 4. In support of this claim, Petitioner states that "[d]uring the trial the alleged victim testified she herself was the aggressor in the incident. This was fully supported by the defense of the defendant: self defense against a female brandishing a bayonet while shouting threats of violence and promising bodily harm to the defendant." Id. Petitioner did not raise this claim on direct appeal. On post-conviction appeal, Petitioner argued he was actually innocent because he acted in self-defense. The OCCA imposed a procedural bar on this claim, finding as follows: "[e]xcept as related to his ineffective assistance of appellate counsel claim, consideration of Petitioner's claims for relief are waived because they could have been raised in his direct appeal. [*Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973]; *Fowler v. State*, 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569; *Walker v. State*, 1992 OK CR 10, ¶ 6, 826 P.2d 1002, 1004." See Dkt. # 8-7 at 2.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (internal quotation marks and citation omitted).

Here, Petitioner's Ground 2 claim challenging the sufficiency of the evidence is procedurally barred. Relying on state law, the OCCA imposed a procedural bar on Petitioner's claims that could have been but were not raised on direct appeal. That ruling was an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Id. Additionally, the procedural bar based on Oklahoma law requiring that a claim be raised in a first application was an "adequate" state ground sufficient to bar the claims. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (stating that Okla. Stat. tit. 22, § 1086, "is an independent and adequate state ground for denying habeas relief"). For those reasons, Petitioner's challenge to the sufficiency of the evidence raised in Ground 2 is procedurally barred.

This Court may not consider the defaulted claim unless Petitioner is able to show "cause and prejudice" for the procedural default or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "actual prejudice resulting from the errors of which he complains." U.S. v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response (Dkt. # 15), Petitioner argues that because he claims to be actually innocent, he qualifies for the "fundamental miscarriage of justice" exception. See

Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Significantly, "actual innocence" refers to factual innocence and not mere legal sufficiency. Bousley v. U.S., 523 U.S. 614, 623-24 (1998).

Here, Petitioner challenges the legal sufficiency of his conviction and does not assert that he is actually innocent of the crimes for which he was convicted. See Winston v. Martin, 608 F. App'x 689, 689 (10th Cir. 2015) (unpublished)[1] ("Critically, 'actual innocence means factual innocence, not mere legal insufficiency.'" (quoting Bousley, 523 U.S. at 615)); see also Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2007) (recognizing that "[a]ctual innocence means 'factual innocence'"); Beavers, 216 F.3d at 923 (defenses based on intoxication and self-defense speak to legal innocence not factual innocence). As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Petitioner also attributes the default of Ground 2 to the lack of "effective assistance of counsel" and the lack of counsel in his post-conviction proceeding. See Dkt. # 15 at 11, 13.

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Furthermore, in his petition, Petitioner claims that appellate counsel provided ineffective assistance in failing to raise this claim on direct appeal. See Dkt. # 1 at 5. "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998). However, in order for an attorney's performance to constitute cause external to a petitioner, the attorney's performance must be constitutionally ineffective under the standard established in Strickland. See Coleman, 501 U.S. at 752-54.

Here, Petitioner cannot satisfy the Strickland standard. His claim that appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal serves as "cause" to overcome the procedural bar is without merit. Petitioner's defaulted challenge to the sufficiency of the evidence is intertwined with his claim that, because he acted in self-defense, there was insufficient evidence of his guilt. However, the trial record demonstrates that the State presented sufficient evidence to show that Petitioner did not act in self-defense.[2] The victim sustained life-threatening injuries, including a stab wound that penetrated the chest wall and defensive slash wounds to her arm. See Dkt. # 9-1, Tr. Vol. I at 191-93. Petitioner sustained no injuries. Id. at 156. In addition, the victim served as a rebuttal witness for the State after the defense introduced the 911 recording,[3]

---

[2] When a defendant asserts the defense of self-defense, the State is required "to prove a negative," i.e., that the defendant did not act in self-defense. See Roy v. State, 152 P.3d 217, 231-32 (Okla. Crim. App. 2006). Petitioner's jury received instructions regarding the defense of self-defense, including an instruction defining the State's burden of proof. See Dkt. # 9-5, O.R. at 95-102, Instruction Nos. 21-28.

[3] Although the State objected to introduction of the 911 recording because Petitioner could be heard in the background yelling "it was self-defense," see Dkt. # 9-1, Tr. Vol. I at 4, the 911 tape was played for the jury over the State's objection, see Dkt. # 9-2, Tr. Vol. II at 237. After the tape was played, the defense rested, id., and the State called the victim as its first rebuttal witness, id. at 240.

and stated at least twice that she was the "aggressor" during the fight. See Dkt. # 9-2, Tr. Vol. II at 243, 247. She further testified that she, not Petitioner, was the one who was mad and "acting crazy." Id. at 249, 262, 272. However, that testimony was thoroughly impeached with the victim's inconsistent statements made in close proximity to the date of the incident. Id. at 251-55, 257-60, 267, 279. Both the victim's brother and Officer First also testified as rebuttal witnesses. Id. at 313, 323. Their testimony also contradicted Petitioner's claim that he acted in self-defense. Id. at 315-17, 324. Based on that record, the Court finds that Petitioner cannot demonstrate that the result of his direct appeal would have been different had appellate counsel raised a claim challenging the sufficiency of the evidence. Therefore, the claim of ineffective assistance of appellate counsel lacks merit and cannot serve as "cause" to overcome the procedural bar. Petitioner's claim concerning the lack of counsel for post-conviction proceedings also fails to serve as "cause" sufficient to overcome the procedural bar. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

Petitioner fails to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." Accordingly, the Court concludes that Petitioner's defaulted claim challenging the sufficiency of the evidence as raised in Ground 2 is procedurally barred. Coleman, 510 U.S. at 724. Habeas corpus relief on Ground 2 is denied.

**D. Challenges to post-conviction procedures are not cognizable (Grounds 3 and 4)**

In Ground 3, Petitioner complains that the state courts failed to address the merits of his post-conviction claim of actual innocence in violation of his right to due process. See Dkt. # 1 at 5. In support of Ground 3, Petitioner alleges that:

> [w]hen the state court failed to address Petitioner's claims of innocence on their merits, the State court created a violation of due process upon Petitioner. Petitioner submitted clear and convincing evidence in State court and demonstrated: 1) Petitioner filed affidavits which established the alleged victim stated to another witness that Petitioner was merely defending himself, that there has never been any history of domestic violence between the alleged victim and the defendant. (The OCCA used a false factual scenario; therefore, the OCCA's factual predicate underlying their reasoning for denying one issue on direct appeal is incorrect, for it relied upon the false scenario). 2) The rebuttal witness was not present in the apartment nor visited the domicile. Petitioner demonstrated an intoxicated, alleged victim, was in fact no victim at all, but instead a perpetuator [sic] of criminal assault against the defendant and he merely defended himself, a right the law fully allows him.

Id. Similarly, in Ground 4, Petitioner complains that the state courts' imposition of a procedural bar on his post-conviction claims, ignoring affidavits and hospital records, resulted in a violation of his right to due process. Id. at 6. Petitioner explains that:

> Petitioner filed an application for post conviction relief and raised claims that required the court to address the propositions raised on their merits. The state court failed to do so, but instead applied a procedural bar to a situation that disallows such an application. The state court ignored evidence in the form of affidavits. Petitioner attempted to have the hospital records in his trial and on his direct appeal, but trial/appellate counsel both ignored. Further when Petitioner brought this issue up in post conviction context the court refused to address the factual predicate contained in the hospital records. The hospital records indicated the alleged victim was acutely intoxicated and "cannot provide reliable history." The hospital records were withheld from the jury by trial counsel over the adamant objection of his client.

Id.

The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review. See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). As a result, Petitioner's challenges to the OCCA's

application of Oklahoma's post-conviction procedures resulting in imposition of a procedural bar, as raised in Grounds 3 and 4, are not cognizable in this federal habeas corpus action. Also, as determined in Part A above, Petitioner is not entitled to an evidentiary hearing on his claims raised in the petition for writ of habeas corpus. Petitioner's request for habeas corpus relief on Grounds 3 and 4 is denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A certificate of appealability is **denied**.
3. A separate Judgment shall be entered in this case.

**DATED** this 2nd day of May, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE